UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CHRISTOPHER WILLIAMS,

                              Plaintiff,                  <u>COMPLAINT</u>

                                                   Jury Trial Demanded

           - against -

                                                   Civil Action,
CITY OF NEW YORK and BOARD OF HIGHER           Case No. 06 CV 13101 (RMB)(AJP)
EDUCATION CITY UNIVERSITY OF NEW YORK,

                                                   ECF CASE

                              Defendants.
-----------------------------------------------------------------------x

         Plaintiff, by and through his attorneys, TAUBMAN KIMLEMAN & SOROKA, LLP, as

and for his Complaint against the Defendants states and alleges as follows:


NATURE OF THE CASE

         1.      Plaintiff, Christopher Williams, brings this action to recover damages caused by

Defendants' violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et*

*seq.*

JURISDICTION AND VENUE

         2.      This Court has jurisdiction of the claims herein pursuant to 29 U.S.C. § 2617

(FMLA) and 28 U.S.C.A. §§1331 and 1343.

         3.      Venue lies in this judicial district pursuant to 28 U.S.C. §1391(b), as this action

arose, in substantial part, within the Southern District of New York, where the unlawful

employment practices alleged herein occurred and many of the records pertinent thereto are

maintained.

PARTIES

4.     Plaintiff, Christopher Williams (hereinafter "Plaintiff"), is a citizen of the United States and a resident of the County of New York, State of New York.

5.     Plaintiff, from on or about September 7, 2004 until on or about September 28, 2005, was an employee of Defendant City of New York and/or the Board of Higher Education City University of New York assigned to the Borough of Manhattan Community College ("BMCC") located at 199 Chambers Street, New York, New York.

6.     Plaintiff, at all times mentioned herein, was an "eligible employee" within the meaning of the FMLA.

7.     Upon information and belief, Defendant City of New York (hereinafter, "City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Upon information and belief, Defendant Board of Higher Education City University of New York (hereinafter "City University"), is a public municipal corporation and/or an agency, department and/or unit of Defendant City.

9.     Upon information and belief, Defendant City employs more than fifty employees within a seventy-five mile radius and is an "employer" within the meaning of the FMLA.

10.     Upon information and belief, Defendant City University employs more than fifty employees within a seventy-five mile radius and is an "employer" within the meaning of the FMLA.

FACTS

11.     Plaintiff, at all times mentioned herein, was employed as an Academic Advisor, Higher Educational Assistant in BMCC's Counseling Office, Department of Student Affairs.

12.     Plaintiff suffers from Type I Diabetes and associated periodic episodes of hypoglycemia during which Plaintiff's blood sugar drops causing him to become disoriented, perspire profusely and oftentimes lose consciousness.  Plaintiff was first diagnosed with diabetes in December 1981.

13.     Prior to September 2005, Defendants were aware that Plaintiff suffered from diabetes and hypoglycemia.

14.     Prior to September 2005, Plaintiff had approximately three hypoglycemic episodes while at work which required emergency medical services and several other episodes while at home.

15.     In August 2005, Plaintiff was first diagnosed with depression associated with his increasingly frequent and intense hypoglycemic episodes.

16.     Prior to September 2005, Defendants were aware that Plaintiff suffered from depression as he had informed them upon being diagnosed.

17.     Beginning approximately September 12, 2005, Plaintiff suddenly became incapacitated from employment due to recurring episodes of hypoglycemia as well as associated depression.

18.     Plaintiff timely notified Defendants that he was suffering from a bout of hypoglycemia and depression and called in periodically with the status of his condition during his absence.

19.     By letter dated September 21, 2005, Defendants admonished Plaintiff that if he did not report for duty on or before September 23, 2005, he will be deemed to have abandoned his position as of that date.

20.     Plaintiff, concerned for his job, reported to work on September 23, 2005 and met with his supervisor to discuss his work assignments.

21.     On September 26, 2005, Plaintiff again called in sick due to his hypoglycemia and depression.

22.     By letter dated September 28, 2005, Defendants alleged that Plaintiff had been "absent from work without authorization for ten consecutive days" and terminated his employment.

## AS AND FOR A FIRST CAUSE OF ACTION

23.     Paragraphs 1 through 22 are realleged and incorporated herein by this reference.

24.     Plaintiff was entitled to twelve weeks of leave under the FMLA.

25.     Plaintiff was also entitled to be returned to the same position he held when leave commenced, or an equivalent position with equivalent benefits, pay, and other terms and conditions of employment.

26.     Defendant violated the FMLA, 29 U.S.C. §2601 *et seq.,* by refusing to allow plaintiff to return to his original position or its equivalent after he returned from leave.

27.     Defendants' action constituted an interference with Plaintiff's exercise of his FMLA rights.

28.     Plaintiff has suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits and the costs of bringing this action.

## AS AND FOR A SECOND CAUSE OF ACTION

29.     Paragraphs 1 through 28 are realleged and incorporated herein by this reference.

30.     Plaintiff exercised his right to leave relating to his own serious medical condition under the FMLA.

31.     Defendants terminated Plaintiff for exercising his right to FMLA leave.

32.     Defendant violated the FMLA by discriminating against Plaintiff based on his exercise of his FMLA rights.

33.     Plaintiff has suffered damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits and the costs of bringing this action.

WHEREFORE, Plaintiff respectfully prays that this Court grant judgment:

1.     Declaring that the actions and practices of Defendants violated the FMLA, 29 U.S.C. § 2601, *et seq.*, and enjoining such violations;

2.     Reinstating Plaintiff to his previously held position with Defendants;

3.     Directing Defendants to make Plaintiff whole by providing him with back pay and reimbursement for lost medical insurance and other employment-related benefits;

4.     Directing Defendants to pay Plaintiff lost wages and other compensation, interest and liquidated damages, as provided by the FMLA;

5.     Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FMLA; and

6.     Granting such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           October 12, 2006

5

Yours etc.,

TAUBMAN KIMELMAN & SOROKA, LLP
Attorneys for Plaintiff
30 Vesey Street, 6th Floor
New York, New York 10007
(212) 227-8140

BY: _____
        ANTONETTE M. MILCETIC (AM 8776)